UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELAINE EISENBERG, et al.,

                Plaintiffs,

          -against-

THE MANSION A LAWRENCE,

                Defendant.

**ORDER**

20-CV-02488 (PMH) (PED)

PHILIP M. HALPERN, United States District Judge:

By Order dated July 2, 2021, the Court granted the motion filed by Elaine Eisenberg and Douglas Eisenberg ("Plaintiffs") for the entry of a default judgment as to liability against Defendant The Mansion at Lawrence ("Defendant"),[1] and referred the matter to Magistrate Judge Paul E. Davison for an inquest and Report and Recommendation ("Report") as to damages. (Doc. 38-39). On May 9, 2022, Judge Davison issued his Report. (Doc. 47). The Report was served upon Defendant via regular mail on the same day. (Doc. 48). To date, none of the parties has submitted objections to the Report. For the following reasons, the Report's recommendations are adopted, and judgment is entered against Defendant.

In reviewing a Magistrate Judge's report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a report and recommendation "[w]ithin fourteen days after being served with a copy . . . ." *Id*. "Where, as here, no objections to a report and recommendation are made, the Court may adopt the report if there is no clear error on the face of the record." *Gomez v. Comm'r of Soc. Sec.*, No. 19-CV-09278, 2021 WL 706744, at *1

---

[1] Plaintiff originally pressed charges against an additional Defendant, Gold Flowers Design, Inc., but settled those claims on January 18, 2021. (Doc. 29).

(S.D.N.Y. Feb. 22, 2021) (internal quotation marks and citations omitted); *Remsen Funding Corp.
of New York v. Ocean W. Holding Corp.*, No. 06-CV-15265, 2009 WL 874212, at *1 (S.D.N.Y.
Mar. 31, 2009).

Plaintiffs filed their Complaint on March 22, 2020, alleging two claims for relief: (i)
negligence; and (ii) loss of consortium and seeking $3,200,000 in damages. (Doc. 1, "Compl."). 
Plaintiffs allege, *inter alia*, that Mrs. Eisenberg slipped and fell on August 19, 2018 at a wedding
as a result of Defendant's negligence and suffered substantial injuries to her left knee. (*Id.*).[2]

First, the Magistrate Judge correctly applied the rule approving the holding of an inquest
by affidavit without an in-person hearing when the Court has determined there is a sufficient
evidentiary basis for the damages sought by the plaintiff. *See Cement & Concrete Workers Dist.
Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v.
Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). The Magistrate Judge also
correctly applied the rule that a default "only establishes a defendant's liability if those allegations
are sufficient to state a cause of action against the defendants." *Gesualdi v. Quadrozzi Equip.
Leasing Corp.*, 629 F. App'x 111, 113 (2d Cir. 2015).

Second, the Magistrate Judge correctly accepted the evidence proffered by Plaintiff
establishing his injuries and resulting damages under New York law. *See, e.g.*, *House v. Kent
Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) ("[T]here must be a basis
upon which the court may establish damages with reasonable certainty. . . . [E]ven when the
defendant defaults and is not present to object, damages must be based on admissible evidence.");
*Hinckley v. Westchester Rubbish, Inc.*, No. 04-CV-00189, 2006 WL 2849841, at *4 (S.D.N.Y.

---

[2] To the extent there is any doubt, the Default affirmatively established Defendant's liability with respect
to these claims. *Hartford Fire Ins. Co. v. Queens Cty. Carting, Inc.*, No. 20-CV-01844, 2022 WL 1093201,
at *1 (S.D.N.Y. Apr. 5, 2022) ("A default judgment that is entered on the well-pleaded allegations in a
complaint establishes a defendant's liability.").

Oct. 2, 2006) ("The assessment of damages following entry of a default judgment in a diversity action is governed by state law standards."); *Norcia v. Dieber's Castle Tavern, Ltd.*, 980 F. Supp. 2d 492, 501-02 (S.D.N.Y. 2013) ("[T]he Court may rely upon [plaintiff's] sworn statements in reaching a damages determination" and upon his medical records, if "properly authenticated" and "look to approved awards in similar cases as guideposts in fashioning appropriate damage awards.").

Third, the Magistrate Judge correctly recommended that an award of $30,000 for past pain and suffering and $5,000 for future pain and suffering will appropriately compensate Plaintiff for the August 19, 2018 incident.[3] Plaintiffs averred that Mrs. Eisenberg suffered a serious knee injury causing significant pain, requiring repeated medical treatment, and inhibiting her daily activities. (*See* Report at 10). Although Plaintiffs seek $177,750 in compensatory damages, the Magistrate Judge properly reviewed comparable cases awarding damages in that range and determined that they involved additional injuries and/or surgeries not suffered or undergone by Mrs. Eisenberg. (*Id.* at 11-12). The court then correctly considered awards in similar cases with standalone knee injuries stemming from patellar fractures as guideposts to determine the range of an appropriate award, and properly recommended a total compensatory award of $35,000. (*Id.* at 13-14); *see also, e.g. Coutrier v. Haradan Motorcar Corp.*, 655 N.Y.S.2d 660 (3d Dep't 1997) (awarding $35,000 in compensatory damages for a patellar contusion limiting plaintiff's daily activities and causing significant pain).

---

[3] The Magistrate Judge also correctly noted that "in cases involving the application of federal common law, most courts in the Second Circuit have held that a defendant in default may not invoke the benefits of the set-off rule." (Report at 9 n.4 (quoting *Sole v. Knoedler Gallery, LLC*, No. 12-CV-02313, 2016 WL 5417880, at *10 (S.D.N.Y. July 21, 2016))).

Finally, the Magistrate Judge correctly recommended an award of $5,000 for loss of consortium for Mr. Eisenberg because "as a result of [the] injury, Mr. Eisenberg performed tasks and household chores he normally wouldn't have to." (Report at 15 (quotation marks omitted)).

Upon a careful and complete review of the Report, the Court finds no clear error in Magistrate Judge Davison's thorough and well-reasoned analysis. Accordingly, the Report is adopted. The Clerk of Court is respectfully directed to enter judgment against Defendant in the amount of $40,000. The Clerk of Court is further directed to close this case.

 The parties' failure to file written objections precludes appellate review of this decision. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Plaintiff is directed to mail a copy of this Order to Defendant.

**SO ORDERED:**

Dated:   White Plains, New York
             March 1, 2023

_____
PHILIP M. HALPERN
United States District Judge